PER CURIAM.
Jenkins Trucking, defendant in the trial court, appeals from a final judgment entered by the trial court during the course of a jury trial after Emmons, the plaintiff-appellee, had abandoned certain portions of his claim and before the defendant-appellant had presented its case. We affirm.
The parties had fourteen agreements for the leasing of trucks. Emmons was the lessor and Jenkins Trucking the lessee. Emmons’s amended complaint contained a prayer for money due him under the fourteen agreements. Jenkins Trucking’s answer, among other things, contained (1) an affirmative defense (an allegation that it had paid Emmons sums greater than the agreements required it to) and (2) a counterclaim for an amount due it under the leasing agreement. Emmons moved for a summary judgment that would hold Jenkins Trucking liable “for the payment of the salary of the drivers under Motor Vehicle Lease and Agreements of Tractors, numbers 66, 77 and 78. * * *” Jenkins Trucking moved for a summary judgment that would hold Emmons liable for the salaries of the drivers under all the leases. The court entered the following order on the motions:
“1. The Plaintiff’s Motion for Summary Judgment be and the same is hereby .denied.
“2. The Defendant’s Motion for Summary Judgment be and the same is hereby denied.
“3. However, the Court construes and determines that the first four (4) contracts entered into between the plaintiff *56 and defendant pertaining to truck numbers 66, 77, 78 and 87, provides that the lessee defendant was obligated to pay the drivers’ compensation; that this determination is made by the court and is unambiguous in that under paragraph (b) pertaining to the lessee’s obligation, there is stated:
“1 (b) That he shall employ the driver.’ ”
The cause proceeded to trial. Before the jury was called, Emmons waived his claims to all leases except those dealing with trucks 66, 77, 78 and 87. During the presentation of his case, Emmons waived all claims except those for drivers’ salaries under the four leases, which salaries Jenkins Trucking had charged to Emmons. The court directed counsel “to get together and decide” how much the drivers’ salaries had been. Counsel complied and stipulated as to an amount but did not stipulate as to which party was liable for the amount. The court, on its own initiative, thereupon found as a matter of law that the provision in the four leases wherein the lessee agreed “[t]hat he shall employ the driver” obligated Jenkins Trucking to pay the drivers’ salaries and entered judgment in favor of Emmons for the amount stipulated as drivers’ salaries.
The appellant urges that the court deprived it of substantial rights without due process of law when it failed to proceed with the trial and receive testimony that, although the contracts provided that the appellant “shall employ the driver,” it had been the practice under these four contracts for the appellee to pay the driver. In this context “employ” is not ambiguous; rather, it can have only its everyday meaning, the engaging of one person by another to perform a service for \ reciprocal compensation. See City of Youngstown v. First Nat. Bank, 106 Ohio 563, 140 N.E. 176, 178 (1922), followed in Mullins v. Henderson, 75 Cal.App.2d 117, 170 P.2d 118, 128 (1946). The answer, affirmative defense, and counterclaim are devoid of the affirmative defense of payment now sought to be injected into the case by the appellant. We find no error in the order on motions for summary judgment nor in the entry of a final judgment when it became apparent that appellant’s only defense upon the four contracts was the affirmative defense of payment which was not raised in the pleadings. Rule 1.110(d), Florida Rules of Civil Procedure (1967), 30 F.S.A.
Affirmed.